IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DOUGLAS R. MALLORY, | ) |
| Plaintiff, | ) |
| | ) No.9:22-cv-04538-DCN |
| vs. | ) |
| | ) **ORDER** |
| TERMINAL INVESTMENT CORPORATION | ) |
| and GREG MARCUM,[1] | ) |
| Defendants. | ) |

The following matter is before the court on plaintiff Douglas R. Mallory's ("Mallory") motion to remand, ECF No. 8, and Mallory's first motion to amend/correct, ECF No. 13. For the reasons set forth below, the court grants the motions.

## I.  BACKGROUND

This matter arises from an employment dispute whereby Mallory alleges that Terminal Investment Corporation ("TICO") wrongfully discharged Mallory in retaliation for seeking workers' compensation benefits. ECF No. 1-1, Compl. ¶ 5.

TICO employed Mallory as a "parts picker" on or about September 2021. Id. ¶ 8. For parts that were out of reach, employees were directed to operate a battery powered Joey Task Support Vehicle ("Joey") to retrieve them. Id. ¶ 9. However, to preserve the Joey's battery, TICO supervisor Joe Cooper ("Supervisor Cooper") and plant manager Kevin Shuler ("Plant Manager Shuler") instructed the employees that if they observed a

---

[1] Mallory explains in his motion to remand that he incorrectly spelled Greg Marcum's last name as "Marco" in the complaint. See Compl. ¶ 13. The court follows Mallory's correction and references defendant Greg Marcum as "Marcum," not "Marco." This accords with the proposed amended complaint included with the motion to amend. ECF No. 13-2.

1

Joey left running when not in use by the operator that employee should turn the equipment off to preserve the battery. Id. ¶ 10.

In the spring of 2022, Mallory suffered a non-work-related injury that required he undergo surgery to repair a torn rotator cuff. Id. ¶ 11. On May 11, 2022, Dr. Mark Dean ("Dr. Dean"), the orthopedic surgeon who performed the rotator cuff surgery, instructed Mallory not to lift more than one pound. Dr. Dean prepared a note to TICO informing them of the same and allowing Mallory to return to work under this restriction in July 2022. Id. ¶ 12. On July 27, 2022, Mallory noticed that a Joey had been left running while its operator, defendant Greg Marcum ("Marcum"), was conversing with fellow employees. Id. ¶ 13. Mallory turned the machine off as he passed the idling Joey, which apparently angered Marcum who walked around the Joey and pinched Mallory "with great force on his injured side." Id. ¶¶ 14–15. Mallory reflexively threw up his arm to protect himself which caused immediate and intense pain to his chest and injured shoulder. Id.

That same day, Mallory reported the incident and injury to Supervisor Cooper and requested a workers' compensation claim be made so that he could receive medical treatment for the injury. Id. ¶ 16. When no action was taken to either discipline Marcum or file the report, Mallory reported the incident to Plant Manager Shuler and again requested a workers' compensation claim be made so that he could receive treatment for the injury. Id. ¶ 17. Additionally, in August 2022, Mallory called TICO's Human Resources ("HR") representative, notified them of the injury, and requested HR file a report with Workers' Compensation. Id. Again, Mallory received no response.

Mallory was then seen by Dr. Dean's physician assistant and on August 11, 2022, Dr. Dean administered steroids and advised Mallory that if the pain did not get better he would need to have an MRI of the shoulder. Id. ¶ 18. Mallory sent text messages to his supervisors regarding his injury, his medical appointments, his need for an MRI, and his inability to work on twelve separate occasions. Id. ¶ 19. On August 29, 2022, an HR employee sent Mallory a text message instructing him to go to Beaufort Memorial Express care; however, when Mallory contacted Beaufort Memorial as instructed, he was told that they needed workers' compensation information to see him—otherwise, he would need to pay over $1,000 out of pocket to get the MRI. Id. ¶¶ 19–20. On that same day, Plant Manager Shuler contacted Mallory by phone and informed him that he was being terminated for unexcused absences from work. Id. ¶ 21. Prior to that day, TICO never advised Mallory that he had accrued any points for absences due to the injury, which purportedly violated TICO policies. Id. ¶ 22. Dr. Dean arranged for Mallory to have an MRI in September 2022. Id. ¶ 23. That MRI revealed additional injury to his shoulder and an accumulation of fluid in the shoulder where the rotator cuff surgery had been performed, which indicated that the shoulder was not healing as expected. Id. Dr. Dean has opined that these problems are attributable to Marcum's actions. Id.

On September 27, 2022, Mallory filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 5. On October 11, 2022, the EEOC provided Mallory with a notice of right to sue authorizing him to sue under federal law in federal or state court. Id. ¶ 6. On November 10, 2022, Mallory filed this case in the Jasper County Court of Common Pleas. Id. On December 15, 2022, TICO and Marcum (collectively, "defendants") filed a notice of removal to federal court pursuant to 28

U.S.C. § 1331. ECF No. 1 ¶¶ 6–12. On January 9, 2023, Mallory filed a motion to remand. ECF No. 8. On January 23, 2023, defendants filed a response in opposition to the motion to remand, ECF No. 10, to which Mallory replied on January 30, 2023, ECF No. 11. On February 3, 2023, Mallory filed a motion to amend the complaint to remove references to federal law from his state law causes of action— the defendants have consented in writing to the filing of an amended complaint. ECF No. 13; ECF No. 11-3. As such, the motions have been fully briefed and are now ripe for review.

## II.  STANDARD

### A.  Motion to Remand

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy

exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### B. Motion to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Id. "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Foster v. Wintergreen Real Est., Co., 363 F. App'x 269, 276 (4th Cir. 2010). A "delay alone is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 505 (4th Cir. 1986).

### III. DISCUSSION

Mallory filed his complaint alleging two causes of action: (1) retaliatory discharge against TICO and (2) negligence against both TICO and Marcum. Compl. ¶¶ 24–34. Defendants removed the action to federal court because Mallory referenced a federal statute—the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA")—under the negligence cause of action. Id. ¶ 34(e)–(f). In total, Mallory lists nine particulars to support his negligence claim, with two of them referencing requirements under COBRA. See id. However, the complaint explains that the alleged actions violated "the statutes and common laws of the State of South Carolina," with no reference to violations of federal law beyond what is described above. See id. ¶ 34.

Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331. ECF No. 1 ¶ 6. Specifically, defendants claim that Mallory's reference to COBRA "implicates significant federal issues," notwithstanding the fact that Mallory "nominally includes this federal claim within his state law negligence cause of action." Id. ¶ 9. Defendants argue that Mallory's negligence claim is premised on defendants' alleged failure to comply with the notice and continuation of the Employee Retirement Income Security Act of 1974 ("ERISA") (as amended by COBRA), which means that it "falls within ERISA's civil enforcement provision and is therefore converted into a federal claim subject to removal." Id. ¶ 11. Thus, defendants assert that the negligence claim, which is premised in part on failure to comply with COBRA, is completely preempted and converted into a federal claim removable to federal court. Id. ¶ 12. Defendants further explain that this court has supplemental jurisdiction over Mallory's remaining state law claims pursuant to 28 U.S.C. § 1367. Id. ¶ 12.

In response, Mallory filed a motion to remand. ECF No. 8. Mallory indicates that he will amend the complaint to abandon the portion of his claim referencing COBRA such that there would no longer be a federal question granting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 8-1 at 4. Consequently, Mallory requests that the case be remanded. Id. Defendants respond to oppose the motion to remand and argue that federal question jurisdiction existed in the operative complaint that was in effect at the time of removal. ECF No. 10 at 1–6. Defendants reiterate the arguments included in their notice of removal. As such, defendants argue that removal was proper and further contend that even if an amended complaint were filed—which had not yet occurred at the time of defendants' response—the court could still exercise its discretion to retain

jurisdiction over Mallory's remaining claims. Id. at 7. In his reply, Mallory explains that as early as December 21, 2022, his counsel sought defendants' consent to amend the complaint to correct the name of Marcum and to delete the claims implicating federal question jurisdiction. ECF No. 11 at 2. He further argues that even though the court could retain jurisdiction, the facts of the case warrant remand. Id. at 3. Mallory filed a motion to amend complaint on February 3, 2023. ECF No. 13.

### A. Subject Matter Jurisdiction

"The removal statute, 28 U.S.C. § 1441(a), requires that a case 'be fit for federal adjudication at the time the removal petition is filed.'" Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996)). Defendants removed Mallory's action to federal court, invoking 28 U.S.C. §§ 1331, 1441. Because the parties to this case are not diverse for purposes of diversity jurisdiction under 28 U.S.C. § 1332, defendants' notice of removal identified one and only one basis for federal jurisdiction: 28 U.S.C. § 1331, conferring what is known as federal question jurisdiction over civil actions "arising under" federal law. But at the time defendants removed this case to federal court, Mallory's two causes of action were explicitly based in state law even though his negligence cause of action referenced a federal statute. Mallory did not contest defendants' interpretation of his complaint as implicating federal question jurisdiction; instead, he sought to amend his complaint to remove all references to federal law. However, the court has an obligation to consider subject-matter jurisdiction at the time of defendants' removal, even though Mallory did not contest defendants' interpretation of his complaint as conferring federal question jurisdiction in the first instance. "Subject-matter jurisdiction cannot be conferred by the

parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Eng'rs, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (citing United States v. Cotton, 535 U.S. 625, 630). Accordingly, questions of subject-matter jurisdiction must be raised sua sponte by the court as soon as they arise. Id. Thus, before turning to Mallory's motion to remand, the court must engage in an analysis to determine whether jurisdiction was proper to begin.

"Cases generally are deemed to 'arise under' federal law when it is federal law, not state law, that creates the cause of action." See Burrell v. Bayer Corp., 918 F.3d 372, 378–79 (4th Cir. 2019) (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)). However, as an exception to that general rule, the case may arise under federal law if the state law claim "necessarily depends on resolution of a substantial question of federal law." Id. at 380 (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 28 (1983)). To reiterate, the causes of action pled here are (1) retaliatory discharge against TICO and (2) negligence against both TICO and Marcum, both of which are state law claims. Compl. ¶¶ 24–34. Courts use a four-part test to evaluate whether a lawsuit based on state-law claims nevertheless gives rise to federal question jurisdiction:

> To come within § 1331, the case must feature a state-law claim that (1) necessarily raises a federal issue, and that federal issue must be (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

Id. at 379 (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013) (internal quotation marks omitted)). "As the Supreme Court has emphasized, courts are to be cautious in exercising jurisdiction of this type, which lies at 'the outer reaches of § 1331.'" Id. at 380 (quoting

Merrell Dow, 478 U.S. at 810). "The 'mere presence of a federal issue in a state cause of action' is not enough to confer jurisdiction." Id. (quoting Merrell Dow, 478 U.S. at 813).

First, defendants argue that Mallory's negligence claim is subject to the "complete preemption" doctrine under ERISA, as amended by COBRA. ECF No. 10 at 3. Defendants emphasize that the Supreme Court has determined that ERISA completely preempts state law claims that come within the scope of ERISA's civil enforcement provision, § 502(a) (codified at 29 U.S.C. § 1132(a)), and converts these state claims into federal claims. Id. at 3. ERISA's civil enforcement section, § 502, gives plan participants and beneficiaries the right to sue to force disclosure of certain information, to recover benefits due under the plan, to clarify the right to future benefits, or to enforce rights under ERISA or the plan. 29 U.S.C. §§ 1132(a)(1)–(4). Thus, when a complaint contains state law claims that fit within the scope of ERISA's § 502 civil enforcement provision, those claims are converted into federal claims, and the action can be removed to federal court. Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002).

ERISA's preemption provision is "'broad' and 'expansive.'" Marks v. Watters, 322 F.3d 316, 322 (4th Cir. 2003) (quoting Pilot Life Ins. v. Dedeaux, 481 U.S. 41, 47 (1987)). Section 514(a) of ERISA provides preemption to "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "For ERISA preemption purposes, 'State law' includes both statutory and common law." Custer v. Sweeney, 89 F.3d 1156, 1166 (4th Cir. 1996). The Supreme Court has held that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85,

9

96–97 (1983). The Fourth Circuit has held that there are three essential elements for finding complete preemption under ERISA:

> (1) the plaintiff must having standing under 29 U.S.C. § 1132(a) to pursue its claim; (2) its claim must fall within the scope of an ERISA provision that it can enforce via § 1132(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.

Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003) (internal quotation marks and citations omitted).

Defendants identify that Mallory has included two clauses in his complaint that implicate ERISA (as modified by COBRA). ECF No. 10 at 2. Specifically, Mallory's negligence claim is based, in part, upon the allegation that defendants "fail[ed] to offer [Mallory] an opportunity to continue his health coverage; following his termination" and "fail[ed] to provide [Mallory] with notices required under COBRA." Compl. ¶¶ 34(e)–(f). A challenge to the administration of the ERISA plan operates as a core § 502(a) claim. Prince v. Sears Holdings Corp., 848 F.3d 173, 178 (4th Cir. 2017). Thus, Mallory's two allegations of negligence by defendants in administration of the plan operate as core § 502(a) claims and confer federal question jurisdiction over this action. See 29 U.S.C. § 1132(c)(1), (3).

Further, the court finds that since defendants' argument regarding complete preemption confers jurisdiction, it need not consider defendants' alternative argument—that Mallory's negligence claim raised "disputed and substantial" federal issues. See ECF No. 10 at 1–2. Thus, the court finds removal was proper and the court next turns to consideration of the amended complaint and whether the amendment—removing all references to federal laws—weighs in favor of remand.

### B. Motion to Amend

On February 3, 2023, Mallory filed a motion to amend complaint seeking to correct Marcum's name and to abandon those claims which implicated federal question jurisdiction. ECF No. 13. Defendants' counsel consented in writing to the filing of an amended complaint in this court. See ECF No. 11-3. The proposed amended complaint omits any references to federal statutes. ECF No. 13-2.

At the outset, the court notes that Mallory filed his motion to amend on February 3, 2023, beyond twenty-one days after service of his complaint.[2] As such, Mallory may only amend his pleading with the court's leave, which the court should "freely give [] when justice so requires," or with the opposing party's written consent. Fed. R. Civ. P. 15(a). In the instant case, defendants have provided Mallory with written consent to the amended complaint. ECF No. 11-3. Thus, Mallory may amend his complaint, and the court grants his motion to amend, ECF No. 13. The amended complaint removes all references that may confer federal question jurisdiction and the court turns to the question of whether federal jurisdiction remains proper. See ECF No. 13-2.

### C. Motion to Remand

Defendants argue that even if Mallory amends his complaint to remove the federal law claims, the court should exercise its discretion to retain jurisdiction over Mallory's remaining claims. ECF No. 10 at 7–8. In explanation, defendants claim that the amendment "is an improper attempt to manipulate the forum," and a form of forum-

---

[2] The court notes that Mallory's delay in filing an amended complaint partially arose from his counsel's family emergency. ECF No. 11 at 2 n.3. His counsel indicates that said family emergency affected his availability from December 7, 2022, until January 28, 2023.

11

shopping. Id. Though Mallory concedes that the court could retain jurisdiction over this matter, he emphasizes that the facts of the case weigh in favor of remand. ECF No. 11 at 3. Specifically, Mallory argues that all parties are residents of or doing business in Jasper County, South Carolina, which means there is not complete diversity of citizenship. Id. The incident and resulting injury to Mallory occurred in Jasper County. Id. All the witnesses are located in either Hampton, Jasper, or Beaufort County. Id. Finally, he argues that judicial economy, convenience of the parties and witnesses, fairness, and comity all support the argument that the case should be tried in state court in Jasper County. Id.

"[D]istrict courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts have discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citation omitted). Additionally, district courts should consider "manipulative tactics" as another non-dispositive factor. Id. at 357. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Id. at 350. In addition, the Fourth Circuit "evince[s] a strong preference that state law issues be left to state courts." Arrington v. City of Raleigh, 369 F. App'x 420, 423 (4th Cir. 2010) (unpublished); see also Waybright v. Frederick Cnty., 528 F.3d 199, 209 (4th Cir. 2008), cert. denied, 555 U.S. 1069 ("With all its federal questions gone, there may be the authority to keep [this case] in federal

court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so.").

As described above, this case concerns two causes of action based in state law arising from an incident that occurred in South Carolina between citizens of South Carolina. Consequently, the witnesses and parties are located near the state court in which this action was filed. Mallory has amended his complaint with the written consent of defendants to abandon all federal law claims—which is a process that he started by seeking defendants' consent to amend prior to December 21, 2022, one month before defendants filed an answer. See ECF No. 11 at 2. To the extent there was delay in filing that amended complaint, it was delay due to unforeseeable circumstances. See id. at 2 n.3. Moreover, the court does not find the amendment or request for remand were manipulative tactics, but rather were more likely caused by oversight.[3] All in all, the factors strongly weigh in favor of remand. As such, the court declines to exercise jurisdiction over the remaining state law claims and instead remands the case to state court.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motions and **REMANDS** the action to the state court where this case originated.

---

[3] As the court noted above, the original complaint explicitly claimed that the alleged actions violated "the statutes and common laws of the State of South Carolina," with no reference to violations of federal law. Compl. ¶ 34. After defendants removed the case to federal court by identifying that the negligence cause of action implicated federal question jurisdiction, Mallory sought to amend his complaint to remove said references and sought to remand the action to state court. This language and Mallory's actions more strongly suggest mistakes in drafting the complaint rather than manipulative tactics.

**AND IT IS SO ORDERED.**

                                               */s/ David C. Norton*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 20, 2023**
**Charleston, South Carolina**

14